IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DEMETRIA NEAL,

    Plaintiff,

v.                                          Case No. 2:11-cv-02929-STA-cgc

IT'S ALL GOOD AUTO SALES, INC. and
MARK GOODFELLOW, individually and
d/b/a IT'S ALL GOOD AUTO SALES, INC.,

    Defendants.

---

## REPORT AND RECOMMENDATION

---

On August 2, 2012, Defendants filed their Motion to Enforce Settlement Agreement. (D.E. # 27) The motion was referred by District Judge S. Thomas Anderson to the undersigned magistrate judge. (D.E. # 28) For the following reasons, it is recommended that the Motion be GRANTED in part and DENIED in part.

### I. Proposed Findings of Fact

Plaintiff filed her Complaint on October 11, 2011 alleging, among other things, fraud, negligent misrepresentation, and breach of contract by the Defendants[1]. On July 16, 2012, Mr. Goodfellow contacted Ms. Neal to discuss settlement possibilities. (Neal Affidavit, 3rd unnumbered para.) Ms. Neal contacted her attorney, Bruce Harris, to discuss her conversation with Mr. Goodfellow. *Id.* Mr. Harris contacted Defendants' counsel, Evan Nahamias, and

---

[1] Pending before the Court is Defendants' Motion to Dismiss (D.E. # 12). It is further recommended that this Motion be **DENIED AS MOOT** should the Court adopt the recommended disposition of the instant Motion.

1

requested that Mr. Nahamias tell Mr. Goodfellow not to contact Ms. Neal. (Harris Affidavit, ¶ 4) Mr. Goodfellow was advised by Mr. Nahamias that parties could engage in settlement discussions but that Mr. Nahamias could not speak to Ms. Neal as she is represented by counsel. (Goodfellow Affidavit, ¶ 4) On July 17, 2012, Ms. Neal again contacted Mr. Harris to say that Mr. Goodfellow had offered her $3,800.00 to settle her case. (Harris Affidavit, ¶ 5) Mr. Harris counseled Ms. Neal not to go to the auto dealership and to let the lawyers work out the settlement agreement. *Id.*

On July 18, 2012, Ms. Neal was informed by Mr. Goodfellow that Mr. Nahamias conveyed to Mr. Goodfellow that Mr. Harris agreed that Mr. Goodfellow and Ms. Neal could discuss settlement of the case. (Neal Affidavit, 4th unnumbered para.) Ms. Neal attempted to contact Mr. Harris to confirm this information but was unable to reach him. *Id.* Ms. Neal and her mother went to the It's All Good auto dealership where she executed the Settlement Agreement and Release (D.E. # 27-2) and was given a check in the amount of $3,800.00. (Neal Affidavit, 5th unnumbered para.) Ms. Neal was accompanied to a bank by an employee of Mr. Goodfellow where Ms. Neal cashed the check. *Id.*

Mr. Nahamias contacted Mr. Harris and Mr. Cantrell by email on July 19, 2012 to inform them that Ms. Neal had signed a settlement agreement. (Cantrell Affidavit, ¶ 7) Mr. Harris spoke with Ms. Neal and told her that he did not agree that the parties could settle the case as was represented to her by Mr. Goodfellow. (Harris Affidavit, ¶ 6)

**II. Proposed Conclusions of Law**

A district court has the authority "to enforce agreements in settlement of litigation before it even if that agreement has not been reduced to writing." *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir.1985). Enforcement of a settlement agreement is appropriate

where no substantial dispute exists regarding the entry into and terms of an agreement. See *Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir.1973). Defendants move the Court to enforce the settlement agreement and dismiss the case consistent with the terms of the agreement.

Plaintiff argues that the agreement was obtained through fraud and misrepresentation and should therefore be set aside. Sixth Circuit precedent "dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir.1989). Once a settlement is reached, it is the party challenging the settlement who bears the burden of showing that the settlement contract was invalid based on fraud or mutual mistake. *Id.* The undersigned recommends that Plaintiff has not met her burden. Plaintiff asserts that the fraud in this case was Mr. Goodfellow's statement to her that Mr. Harris agreed that Mr. Goodfellow and Ms. Neal could discuss settlement of the case. While it may be true that Mr. Harris did not advise that course of action, there is no legal prohibition against parties discussing settlement among themselves. Further, Ms. Neal cannot claim to have relied on Mr. Goodfellow's statements to her detriment. Any reliance that Ms. Neal placed on Mr. Goodfellow's statements was objectively unreasonable inasmuch as the very gravamen of her complaint against him is that he defrauded and mislead her. Ms. Neal voluntarily entered into a settlement agreement, accepted consideration for that agreement and must now adhere to her responsibilities under that agreement.

Defendants also seek attorney's fees for bringing the instant motion. It is recommended that the request for fees be **DENIED**. The same agreement that Defendants wish to have enforced contains no provision for attorney's fees in the event that enforcement of the agreement is necessary. As this is the entire agreement between the parties, there is no basis upon which to

3

order fees to Defendants.

**III.    Conclusion**

Based on the foregoing, it is recommended that Defendants' Motion to Enforce Settlement Agreement be **GRANTED** in part and **DENIED** in part.

Signed this 28th day of August, 2012.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**